## Lentz's License.

*Liquor law—Name of applicant—Estate of decedent—Description of place.*

A petition for a retail liquor license which sets forth the name of the owner of the place to be licensed as "the estate of George W. Lentz, deceased," is not fatally defective because the names of those to whom the property passed by will or intestacy are not mentioned.

A petition for a retail liquor license is specific as to place if it sets forth "the place for which a license as aforesaid, is desired, is a house, situate in the Village of Spring Mill, Township of Whitemarsh, in said county, and the premises are described as follows: known as the 'William Penn Hotel,' situate in said township, on the road leading from Spring Mill to Conshohocken."

Argued May 7, 1915. Appeal, No. 96, Oct. T., 1915, by Samuel Robinson, from order of Q. S. Montgomery Co., March T., 1915, No. 211, granting a retail liquor license In the Matter of Petition Elizabeth S. Lentz. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for a retail liquor license.

The opinion of the Superior Court states the case.

*Error assigned* was in granting the license.

*George Wanger,* with him *Francis R. Taylor,* for appellant.

*Montgomery Evans,* with him *Aaron S. Swartz, Jr.,* *John M. Dettra* and *Samuel H. High,* for appellee.

OPINION BY KEPHART, J., July 21, 1915:

The petition sets forth the name of the owner of the place to be licensed as "the estate of George W. Lentz, deceased," It is urged that the petition was defective because the names of those to whom the property passed by will or intestacy are not mentioned.

Ever since there existed in Pennsylvania an Orphans' Court, the property of a decedent has been described as belonging to the estate of the deceased owner. The use of this legal phrase to determine ownership has been recognized in Pennsylvania by the legislature, the profession and the courts for a very long period of time. In the assessment of taxes it has been provided that property of a deceased owner may be assessed for taxes in the language as here indicated. Indeed, the very nature of the different species of estates, forms of ownership created by will, and the extreme difficulty at times to properly ascertain ownership, make it altogether safe and desirable that the property of decedents should be described in this manner. It is sufficiently broad to cover every form of ownership, embraces every division into which estates may fall, expressing quantity or duration, quality, time of enjoyment, and number of owners, and is sufficiently specific to limit it to the names of such persons as may be owners. It answers the requirement of this section of the Act of 1887, and contains sufficient information from which the court may be accurately

informed as to where the title to the property is lodged. This information could be of use to the court only as it might show whether the applicant is a tenant or an owner of the property, thereby evidencing a certain financial responsibility; and secondly, whether the property is owned by interests which encourage or have for their purpose a traffic in liquor. All of this information is present when the ownership is designated as is here done.

The petition sets forth "the place for which a license, as aforesaid, is desired, is a house, situate in the Village of Spring Mill, Township of Whitemarsh, in said county, and the premises are described as follows: known as the 'William Penn Hotel,' situate in said township, on the road leading from Spring Mill to Conshohocken." Objection is made that this is not specific. It would serve no useful purpose to enlarge upon what President Judge RICE said, in In re English, when this precise question was before him, and fully discussed in the sixth paragraph of the opinion filed in Pittsburgh this spring.

The other assignments of error are considered in Rein's License, Elzey's App., in an opinion this day filed, ante, p. 557.

The decree is affirmed at the cost of the appellant.